**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | |
|---|---|
| IN RE: AHERN RENTALS, INC., TRADE SECRET LITIGATION. | ) Case No. 2:20-md-02945-BP<br>)<br>) This Documents Relates to<br>) Case No. 2:20-cv-04116-BP |

## REPLY IN SUPPORT OF DEFENDANT AHERN RENTALS, INC.'S MOTION TO DISMISS COUNT V OF COMPLAINT

Plaintiff EquipmentShare.com Inc. ("EquipmentShare") contends that its claim for unfair competition should stand because Defendant Ahern Rentals, Inc. ("Ahern") has characterized claims for unfair competition too narrowly. However, EquipmentShare fails to cite a single case in which any court—in Missouri or otherwise—has upheld a claim for unfair competition based on facts such as those alleged in this case. Furthermore, the facts of this case are distinguishable from the facts of the cases Plaintiff cites in support of its position in its Suggestions in Opposition to Defendant Ahern's Motion to Dismiss Count V of the Complaint (the "Opposition"). Because EquipmentShare has not and cannot state a sufficient claim for unfair competition, Ahern's Motion to Dismiss Count V of the Complaint (the "Motion") should be granted. In the alternative, Ahern requests a Motion for More Definite Statement.

**I.  EquipmentShare Fails to State a Claim for Unfair Competition.**

The Restatement provides the following characterization of unfair competition:

> "One who causes harm to the commercial relations of another by engaging in a business or trade is not subject to liability to the other for such harm unless: (a) the harm results from acts or practices of the actor actionable by the other under the rules of this Restatement relating to: (1) deceptive marketing, as specified in Chapter Two; (2) infringement of trademarks and other indicia of identification, as specified in Chapter Three; (3) appropriation of intangible trade values including trade secrets and the right of publicity, as specified in Chapter Four; or from other acts or practices of the actor determined to be actionable as an unfair method of

competition, taking into account the nature of the conduct and its likely effect on both the person seeking relief and the public…"

Restatement (Third) of Unfair Competition § 1.

In its Opposition, EquipmentShare sets forth the following facts in support of its unfair competition claim:

- "Defendant Rosencranse—an agent of Ahern—taking Ahern's private jet to meet Plaintiff's CEO for dinner to secretly make an "hour and forty-five minute" audio recording and "reveals several misrepresentations and questions Rosencranse posed to elicit information about EquipmentShare's confidential growth plans and strategies" (Doc. 1 at ¶ 46); This exact allegation forms the basis for EquipmentShare's claim in Count I for illegal wiretapping.

- "Ahern, through its CEO Don Ahern, scuttling EquipmentShare's business relationship with a financing entity resulting in significant financial damages and the loss of a platform allowing EquipmentShare-branded financing, which the financing partner would underwrite and service (Doc. 1 at ¶¶55–56);" This exact allegation forms the basis for EquipmentShare's claim in Count III for tortious interference.

- "Ahern engaging in an abusive litigation campaign, consisting of 25 duplicative, harassing, and/or unsupported lawsuits against EquipmentShare and its employees, with tactics intended to harass EquipmentShare and prevent it from lawfully recruiting and hiring former Ahern employees (Doc. 1 at ¶¶26, 67–79)."

These exact allegations form the basis for EquipmentShare's claim in Count IV for abuse of process. (Doc. 25, pgs. 3–4).

EquipmentShare further argues that "the Complaint's sufficient facts include: '(1) engaging in illegal wiretapping to obtain confidential and other business information and attempt to elicit incriminating statements from EquipmentShare's upper management for the purpose of using such information and statements to manufacture legal claims against EquipmentShare and former Ahern employees; (2) engaging in illegal wiretapping and corporate espionage to gather confidential, proprietary, and other business information about EquipmentShare to disrupt EquipmentShare's business relationships, operations, and future plans; (3) threatening to stop or reduce its business with lenders and other third parties who have established or are considering establishing business relationships with EquipmentShare; and (4) engaging in a scorched-earth litigation campaign, consisting of a series of duplicative, harassing, and unsupported lawsuits, along with related litigation tactics to harass EquipmentShare by abusing the judicial system.' (Doc. 14 at ¶ 8)." (Doc. 25, pg. 4).

None of these facts support a finding of unfair competition pursuant to the categories set forth in Subsection (a)1-3 of the Restatement. EquipmentShare offers no facts to suggest Ahern has engaged in deceptive marketing, trademark infringement, or appropriation of trade secrets. Because EquipmentShare cannot tie any of Ahern's alleged bad acts to a tangible category of unfair competition, it instead relies heavily on the "residual category" of conduct set forth in the Restatement. Yet, even under this catchall category, "an act or practice is likely to be judged unfair only if it substantially interferes with the ability of others to compete on the merits of their products or otherwise conflicts with accepted principles of public policy recognized by statute or common law." Restatement (Third) of Unfair Competition § 1, cmt. g. "<u>A person seeking relief under the residual rule…bears the burden of establishing that the method of competition employed by the actor is unfair.</u>" *Id.*

3

EquipmentShare has not and cannot meet its burden here, either. Ahern has done nothing to "substantially interfere" with EquipmentShare's ability to compete on the merits of its products or that "otherwise conflicts with accepted principles of public policy recognized by statute or common law." EquipmentShare has not provided a single statute or case to support a finding of unfair competition pursuant to the Restatement's residual category.[1] The fact that EquipmentShare cannot cite to a statute or a single case supporting its position proves that Ahern's alleged behavior has not been recognized by statute or common law as substantial interference. Simply put, Ahern's alleged actions, even if true, do not give rise to an actionable claim under this theory.

Additionally, the cases EquipmentShare does cite also do not support its position. In *American Ass'n of Orthodontists v. Yellow Book USA, Inc.*, the court denied the plaintiff's request for injunctive relief based on the plaintiff's failure to sufficiently allege facts in support of its unfair competition claim and because there was no public policy to support the plaintiff's position. 277 S.W.3d 686, 695 (Mo. Ct. App. 2008). There, the Court stated "an act or practice is likely to be judged unfair only if it substantially interferes with the ability of others to compete on the merits of their products or otherwise conflicts with accepted principles of public policy recognized by statute or common law." *Id.* at 692. The Court further emphasized the necessary role that deception plays in the cause of action: "*deception is the true test of unfair competition … actual or probable deception must be shown…*" *Id.* at 693 (internal citations omitted) (emphasis added); *see also Tension Envelope Corp. v. JBM Envelope Co.,* 2015 WL 893242 at

---

[1] Attempting to circumvent its factual shortcomings, EquipmentShare points out that the cases originally cited by Ahern were not decided in Ahern's favor. However, EquipmentShare critically fails to note that the facts alleged in each of those cases fell squarely into a concrete, defined category of unfair competition as set forth in the Restatement. That was the point. All three federal cases cited in Ahern's Motion involved claims for unfair competition based specifically on trademark infringement and set forth facts which supported such a claim. Unlike in those cases, there are no allegations of trademark infringement here. As such, these cases do not support EquipmentShare's position.

4
Case 2:20-md-02945-BP   Document 5   Filed 08/27/20   Page 4 of 10

*8 (W.D. Mo. Mar. 3, 2015) ("under Missouri law, the test for unfair competition is whether the defendant's acts are such as are calculated to *deceive the ordinary buy*er making his purchases under the ordinary conditions which prevail in the particular trade to which the controversy relates....") (internal citations omitted) (emphasis added).

Like the plaintiff in *American Ass'n of Orthodontists*, EquipmentShare also fails to allege sufficient facts or point to a public policy in support of its unfair competition claim. And although the *Tension* court upheld an unfair competition claim, the plaintiff there alleged that the defendant committed the following bad acts: (1) use of confidential information to sell directly to the plaintiff's customers in violation of an agreement between the parties; (2) deceptive marketing; and (3) appropriation of trade secrets. *See* 2015 WL 893242 at * 8 (W.D. Mo. Mar. 3, 2015). EquipmentShare makes no such allegations. Moreover, EquipmentShare does not allege a single fact in support of the more general theory of liability for unfair competition set forth in *American Ass'n of Orthodontics* or *Tension.* EquipmentShare alleges no facts to suggest that Ahern has "substantially interfere[d] with the ability of others to compete on the merits of their products" or that Ahern has committed any acts which "otherwise [conflict] with accepted principles of public policy recognized by statute or common law." Dispositively, EquipmentShare also does not allege a single fact suggesting Ahern has engaged in conduct to "deceive the ordinary buyer."[2] On their best day in court, EquipmentShare alleges facts

---

[2] EquipmentShare does allege it was deceived by Defendants pertaining to the recorded meeting. This is immaterial to the unfair competition claim. All the cases cited by the parties and the exemplars in the Restatement itself focus heavily on *deception of the buyer or the general public*. In other words, the tort of unfair competition turns on the outward appearance or representations to the public, not representations between to adversarial parties. If EquipmentShare believes it is entitled to relief for those events, such relief will have to come under different theory of liability, not common law unfair competition.

suggesting Ahern committed bad acts in support of different legal claims[3] and then attempts to parlay those facts into an additional claim for unfair competition.[4]

There are other avenues for EquipmentShare to try and obtain relief rather than to have this Court recognize a broad, unstructured, general claim such as has been pleaded. Indeed, EquipmentShare claims that the same conduct that it says is unfair competition also constitutes tortious interference and abuse of process, among other things. Moreover, it is unclear why Ahern could not seek relief of some kind from the courts in which supposedly improper suits have been filed or discovery process abused.[5] Although parties can seek alternative theories of relief, there is no need to allow a claim to go forward on allegations that have never been previously recognized by any court as "unfair competition" especially when the plaintiff itself believes those facts also constitute other, more specific causes of action. Because the facts as alleged by EquipmentShare do not support a finding of unfair competition, the claim must be dismissed.

## II.     EquipmentShare's Unfair Competition Claim Seeks to Restrain Free Enterprise.

The Restatement provides the following regarding the freedom to compete:

> "The freedom to engage in business and to compete for the patronage of prospective customers is a fundamental premise of the free enterprise system. Competition in the marketing of goods and services creates incentives to offer quality products at reasonable prices and fosters the

---

[3] EquipmentShare suggests that Ahern has conceded several facts as true. This mischaracterizes Ahern's statements. As stated in its Motion, Ahern, in accordance with Rule 12 standards, recited "facts" set forth in the Complaint not as admissions or adoptions, but merely as reference to the essential facts alleged by EquipmentShare. Specifically, Ahern stated it "concedes for purposes of this motion only that the Complaint summarizes" Ahern's alleged unlawful behavior. (Doc. 14 at fn. 1 and ¶ 8).

[4] EquipmentShare is basically asking this Court to allow it to sue Ahern for the abuse of process in Count IV and for that Count they will call it Abuse of Process. EquipmentShare also wants this Court to also allow it to sue Ahern for those same alleged bad acts in Count V and this time they want to call it unfair competition. This is improper.

[5] Indeed, as pleaded in its affirmative defenses, Ahern believes that EquipmentShare could have sought relief from the court in which the allegedly improper litigation conduct occurred and that the ability to do so constitutes an adequate alternative remedy.

> general welfare by promoting the efficient allocation of economic resources. *The freedom to compete necessarily contemplates the probability of harm to the commercial relations of other participants in the market*. The fundamental rule stated in the introductory clause of this Section promotes competition by insuring that neither new entrants nor existing competitors will be subject to liability for harm resulting solely from the fact of their participation in the market.
>
> *The freedom to compete implies a right to induce prospective customers to do business with the actor rather than with the actor's competitors. This Section permits a seller to seek to divert business not only from competitors generally, but also from a particular competitor…* Liability is imposed under this Section, and under this Restatement generally, only in connection with harm resulting from particular methods of competition determined to be unfair."

Restatement (Third) of Unfair Competition § 1 cmt. a. (emphasis added).

Importantly, the Restatement also provides "the freedom to compete for the business of prospective customers recognized in this Section is in accord with the general rules limiting liability for intentional interference with the prospective economic relations of others" as set forth in the Restatement (Second) of Torts. *Id.* Missouri courts have adjudicated competition as a justification for interference. *See Machine Maint. & Equip. Co. v. Cooper Indus., Inc.*, 661 F. Supp. 1112 (E.D. Mo. 1987). As set forth in the Restatement, the theory of unfair competition is not designed to restrain the freedom to compete and should not be construed to contravene other laws and principles of lawful competition. Public policy favors competition in the free market and Ahern should not be punished simply because EquipmentShare has allegedly been harmed by such competition. And although EquipmentShare also relies heavily on the fundamental notions of fair play to support its argument of Ahern's alleged wrongdoing, it offers no support to suggest that society has ever judged Ahern's conduct here to be tortious or unfairly competitive.

### III. EquipmentShare's Unfair Competition Claim Would Create a Roving Commission at Trial.

Because EquipmentShare simply cannot offer factual support for its unfair competition claim, allowing the claim stands to create a roving commission for the jury. Missouri law (and Missouri Approved Jury Instructions) do not allow claims to be submitted without specific, ultimate facts. As stated by the Missouri Court of Appeals, a jury instruction:

> must not be so barren of fact that it allows the jury unbridled power to speculate and find liability based on a vague, abstract roving commission that lacks sufficient clarity to assure that the verdict is based on proper evidentiary considerations established on the record, but rather invites the jury to construct a theory of liability on its own…[t]he term 'roving commission' is a catchall term, used to describe any number of different types of faulty instructions that allow the jury—due to various inclusions or omissions—to rove onto forbidden ground... to reach its verdict… an instruction is a roving commission if it fails to advise the jury what acts or omissions of the party, if any, found by it from the evidence would constitute liability.

*Blanks v. Fluor Corp.* 450 S.W.3d 308, 396 (Mo. Ct. App. 2014) (internal citations omitted).

With EquipmentShare having not pleaded any specific allegations constituting deception, trademark infringement, or trade secret misappropriate, it is unclear what specific acts or omissions the Court would be able to use to create to a proper jury instruction on EquipmentShare's unfair competition claim. Thus, the jury would, in fact—to use the language of the *Blanks* court—be left to improperly "construct a theory of liability on its own." Essentially, EquipmentShare would be asking the jury to conclude that Ahern is liable for unfair competition because EquipmentShare feels that Ahern acted in some undefined, allegedly bad fashion in challenging EquipmentShare's predatory poaching of employees and misappropriation of Ahern's confidential information. The jury would be free to rule in EquipmentShare's favor simply because they concluded that of many acts pleaded, something or anything that Ahern did was "unfair" or "bad." This is not a proper jury submission. Such an instruction would also allow

8

Case 2:20-md-02945-BP   Document 5   Filed 08/27/20   Page 8 of 10

the jury to enter inconsistent verdicts and/or provide a double recovery to EquipmentShare. This is not a properly plead legal claim. Thus, allowing the unfair competition claim to proceed as currently plead would create the problem of a roving commission at trial. Such a claim cannot stand and should be dismissed.

## IV. Conclusion

For all of the reasons set forth above, Defendant Ahern Rentals, Inc. respectfully requests that the Court grant its Motion to Dismiss Count V of the Complaint, or in the alternative, require EquipmentShare to provide a more definite statement. Defendant also requests any other such relief the Court deems necessary and just under the circumstances.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ Michael L. Matula
Michael L. Matula, MO #47568
Walter M. Brown, MO #50515
Margaret K. Young, MO #71236
4520 Main Street, Suite 400
Kansas City, MO 64111
Telephone: 816-471-1301
Facsimile: 816-471-1303
michael.matula@ogletree.com

**ATTORNEYS FOR DEFENDANT AHERN RENTALS, INC.**

# CERTIFICATE OF SERVICE

The undersigned certifies that on the 27th day of August, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Michael E. Brewer, (To be admitted Pro Hac Vice) Cal. Bar No. 177912
michael.brewer@bakermckenzie.com
Billie D. Wenter (To be admitted Pro Hac Vice) Cal. Bar No. 235193
billie.wenter@bakermckenzie.com
BAKER & McKENZIE LLP
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111
Telephone: 415.576.3000

Mark D. Taylor, (To be admitted Pro Hac Vice) Tex. Bar No. 19713250
mark.taylor@bakermckenzie.com
BAKER & McKENZIE LLP
1900 North Pearl, Suite 1500
Dallas, TX 75201
Telephone: 214.978.3000

Rosalee McNamara, Mo. Bar No. 33645
rosalee.mcnamara@lathropgpm.com
Jackson R. Hobbs, Mo. Bar No. 71004
jackson.hobbs@lathropgpm.com
LATHROP GPM LLP
2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108
Telephone: 816.460.5604

**ATTORNEYS FOR PLAINTIFF**

/s/ Michael L. Matula
**ATTORNEY FOR DEFENDANT**
**AHERN RENTALS, INC.**

44013658.1