IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | § | |
|---|---|---|
| IN RE: AHERN RENTALS, INC. | § | Case No. 20-02945-MD-C-BP |
| TRADE SECRET LITIGATION | § | |
| | § | (This Document relates to |
| | § | Case No. 2:20-cv-04116-BP) |

**DEFENDANT DANIEL JOSEPH ABSHIRE'S
RESPONSE TO PLAINTIFF EQUIPMENTSHARE.COM INC'S MOTION FOR LEAVE
TO FILE BRIEF WITH EXCESS PAGES AND MEMORANDUM IN SUPPORT**

Defendant Daniel Joseph Abshire ("Abshire") files this Response to Plaintiff EquipmentShare.com Inc's Motion for Leave to File Brief with Excess Pages and Memorandum in Support ("EquipmentShare's Motion") (Doc. 239), in order to address particularly noteworthy aspects of the Motion.

The primary thrust of EquipmentShare's Motion, which seeks an additional ten pages to respond to Abshire's own motion seeking dismissal of the claims against him, is that Abshire somehow exceeded the Court's page limits for the suggestions supporting his own dispositive motion. EquipmentShare's Mot. ¶¶ 3–4; *see also* Doc. 220 ("Abshire's Suggestions"). EquipmentShare has not explained how Abshire's Suggestions exceed the Court's page limits, and that detail is not clear from the face of Abshire's Suggestions. As near as can be determined, when excluding the tables of contents and authorities (expressly excluded from page limits by Local Rule 7.0(d)(2)), the case caption (intuitive, given its ubiquity in all court filings) and the factual background section (which Abshire's counsel understands to be encompassed by Local Rule 7.0(d)(2)'s exclusion of statements of fact from page limits), the filing appears to comply with the Court's page limits, or at worst, exceed them by a mere few lines. That is a far cry from the additional ten pages requested by EquipmentShare.

EquipmentShare's final primary argument is that it needs additional pages to respond to three separate bases for dismissal provided by Abshire's Suggestions. EquipmentShare's Mot. ¶ 5. But EquipmentShare does not explain how additional pages are needed to respond to those bases,[1] and Abshire was able to adequately argue in favor of those bases around the page limits provided by the Court's rules. *See* Local Rule 7.0(d)(1)(A)–(B) (applying the same page limits to supporting and opposing suggestions). Without any explanation about how it needs more pages than Abshire to address the same issues, EquipmentShare's contention lacks merit.

For the reasons discussed above, Defendant Daniel Joseph Abshire requests that the Court deny EquipmentShare's request for an additional ten pages to address Abshire's Suggestions.

---

[1] The same applies to EquipmentShare's contention that the exhibits included with Abshire's Suggestions warrant giving EquipmentShare additional pages. EquipmentShare's Mot. ¶ 5.

Dated: February 12, 2021                    Respectfully submitted,

*/s/ Allan H. Neighbors, IV*
Allan H. Neighbors, IV (Attorney-in-Charge)
Texas State Bar No. 24033660
Federal I.D. No. 34398
aneighbors@littler.com
Adam R. Perkins
Texas State Bar No. 24073576
Federal I.D. No. 3039997
aperkins@littler.com
LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
1301 McKinney Street, Suite 1900
Houston, TX 77010
713.951.9400 (Telephone)
713.951.9212 (Telecopier)

ATTORNEYS FOR DEFENDANT
DANIEL JOSEPH ABSHIRE

## CERTIFICATE OF SERVICE

I certify that on this 12th day of February, 2021, the foregoing document was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, and will be sent electronically to the registered participants identified on the Notice of Electronic Filings.

*/s/ Allan H. Neighbors, IV*
Allan H. Neighbors, IV